# Exhibit A

## to Notice of Removal

 **CT Corporation**

**Service of Process Transmittal**
01/06/2020
CT Log Number 536929165

**TO:** Melissa Gravlin
FCA US LLC
1000 Chrysler Dr Ofc of
Auburn Hills, MI 48326-2766

**RE:** **Process Served in California**

**FOR:** FCA US LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Stephen Tremper and Heather Tremper, Natural Persons, on behalf of themselves and all others similarly situated and for the benefit of the general public, Pltfs. vs. FCA US LLC, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Sheet(s), Instructions, Complaint, Affidavit(s), Attachment(s), Notice(s) |
| **COURT/AGENCY:** | Monterey County - Superior Court - Monterey, CA
Case # 20CV000047 |
| **NATURE OF ACTION:** | Product Liability Litigation - Lemon Law - Class Action - 2014 Jeep Grand Cherokee, VIN: 1C4RJFCM7EC487225 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/06/2020 at 15:14 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | John W Hanson
Hanson Law Firm
7752 Fay Ave, Ste. F
La Jolla, CA 92037
858-451-0291 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/07/2020, Expected Purge Date: 01/12/2020

Image SOP

Email Notification,  Lance Arnott  SOPVerification@wolterskluwer.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1999 Bryan St Ste 900
Dallas, TX 75201-3140 |
| **For Questions:** | 877-564-7529
MajorAccountTeam2@wolterskluwer.com |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>FCA US LLC, a Limited Liability Company, and DOES 1 through 20, inclusive<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>Stephen Tremper and Heather Tremper, Natural Persons, on behalf of themselves and all others similarly situated and the general public | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>ELECTRONICALLY FILED BY<br>Superior Court of California,<br>County of Monterey<br>On 1/3/2020 4:40 PM<br>By: Jacqueline Gilbert, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court, County of Monterey<br><br>California Superior Court, County of Monterey, 1200 Aguajito Road, Monterey, CA 93940 | **CASE NUMBER:**<br>*(Número del Caso):* 20CV000047 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John W Hanson, Hanson Law Firm, 7752 Fay Ave Ste. F, La Jolla CA 92037; 858.451.0291

| | | | |
|---|---|---|---|
| DATE: 1/3/2020<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | /s/ Jacqueline Gilbert | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒☒ on behalf of *(specify):* FCA US LLC, a Limited Liability Company

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☒☒ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>John W. Hanson, SBN 214771, The Hanson Law Firm<br>7752 Fay Ave. Ste. F<br>La Jolla, CA 92037 | FOR COURT USE ONLY |

TELEPHONE NO.: 858.451.0291   FAX NO.: 858.451.0281
ATTORNEY FOR *(Name):* Plaintiffs Stephen and Heather Tremper

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Monterey
STREET ADDRESS: 1200 Aguajito Road
MAILING ADDRESS: 1200 Aguajito Road
CITY AND ZIP CODE: Monterey, 93940
BRANCH NAME:

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 1/3/2020 5:00 PM
By: Sara Vizcarra, Deputy

CASE NAME:
Stephen Tremper, et al. v. FCA US LLC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited    ☐ Limited<br>(Amount      (Amount<br>demanded    demanded is<br>exceeds $25,000)   $25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 20CV000047<br><br>JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☑ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 4 Breach of Express Warranty, CLRA, UCL, Restitution
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 3, 2020
John W. Hanson, Esq.
_____(TYPE OR PRINT NAME)_____   ►_____(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_____

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the *primary* cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

THE HANSON LAW FIRM
John W. Hanson, SBN: 214771
Elisa M. Swanson, SBN: 215361
7752 Fay Avenue, Ste. F
La Jolla, CA 92037
Phone: (858) 451-0291 / Fax: (858) 451-0281
john@thesandiegolemonlawyer.com

Alan M. Mansfield, SBN: 125998
CONSUMER LAW GROUP OF CALIFORNIA
16870 West Bernardo Dr., Ste. 400
San Diego, CA, 92127
Phone: (619) 308-5034 / Fax: (888) 341-5048
alan@clgca.com

Attorneys for Plaintiffs

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 1/3/2020 4:40 PM
By: Jacqueline Gilbert, Deputy

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF MONTEREY

| | |
|---|---|
| STEPHEN TREMPER and HEATHER TREMPER, Natural Persons, on behalf of themselves and all others similarly situated and for the benefit of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>FCA US LLC, a Limited Liability Company, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 20CV000047<br><br>**COMPLAINT**<br><br>**CLASS ACTION**<br><br>DEMAND FOR JURY TRIAL ON ALL CAUSES OF ACTION SO TRIABLE |

Plaintiffs, on behalf of themselves and all others similarly situated, upon personal knowledge as to their own acts and status as specifically identified herein, and otherwise upon information and belief based upon investigation as to the remaining allegations, hereby allege as follows against Defendant FCA US LLC, and DOES 1 through 20:

**PARTIES**

1

Complaint

1. As used in this Complaint, the word "Plaintiffs" shall mean Plaintiff Stephen and Heather Tremper, natural persons who reside in the State of California.

2. As used in this Complaint, the word "Defendants" when used without reference to a specific named Defendant, shall mean Defendants FCA US LLC ("FCA") and DOES 1 to 20. FCA is a limited liability company that is active and in good standing according to the records of the California Secretary of State. Plaintiffs are ignorant of the true names and capacities of the Defendants sued under the fictitious names DOES 1 to 20. They are sued pursuant to Code of Civil Procedure section 474. When Plaintiffs become aware of the true names and capacities of the Defendants sued as DOES 1 to 20, Plaintiffs will amend this Complaint to state their true names and capacities. At all times mentioned herein, each defendant, whether actually or fictitiously named as DOES 1-20 in this Complaint, was the principal, agent or employee of each other defendant, and in acting as such principal, or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth, by reason of which each defendant is liable to Plaintiffs and the proposed class and/or the general public for the relief prayed for herein. At all times relevant herein, each defendant ratified the unlawful conduct of the other defendants, their agents and employees, by failing to repudiate the misconduct and by accepting the benefits of the transactions in question with knowledge of the wrongdoing and thereby aided, abetted, and/or ratified the violations of law alleged throughout this Complaint. Defendants DOES 1-20 are persons who are in a position of responsibility, which allows them to influence business policies or the activities of the entity Defendants in this action. There is a nexus between their position in the entity and the violation alleged here such that they could have influenced the actions that constituted the violations. Their actions or inactions facilitated the violations alleged herein.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action under Article VI, section 10 of the California Constitution and Code of Civil Procedure section 410.10. Jurisdiction is also proper under Business & Professions Code section 17203, as such claims can be brought in any court of competent jurisdiction. Jurisdiction over Defendants is proper because they are either

2

1   corporations or associations organized and existing or with their principal or one of their primary

2   places of business located in the State of California and/or have purposely availed themselves of

3   the privilege of conducting business activities in California because they currently maintain

4   systematic and continuous business contacts with this State, are licensed to do business in this

5   State and/or based on the allegations of conspiratorial conduct and aiding and abetting as set

6   forth in this Complaint.

7       4.  Venue is proper in this County because Defendants conduct business in the State of

8   California and in this County.  Defendants' commercial activities in the State of California and

9   this County include, but are not limited to, the marketing, sale and provision of goods and

    services in this County and undertaking transactions in this County.  Venue is also proper in this

10  Court because many Class members did business with Defendants and engaged in transactions in

11  this County, and Defendants have received substantial profits from customers who engaged in

12  transactions in this County.  Venue is proper in this County pursuant to Code of Civil Procedure

13  § 395.5 because the warranties at issue were and are to be performed at any FCA authorized

14  repair facility, including those located in this County.

15      5.  Plaintiffs' Declaration of Venue as required under California Civil Code § 1780(d), which

16  avers that a substantial part of the events or omissions giving rise to the claims alleged herein

17  took place in this County, is attached hereto and filed herewith.

18                         **CLASS ACTION ALLEGATIONS**

19      6.  Plaintiffs bring this action on behalf of themselves and on behalf of a class of similarly-

20  situated consumers, pursuant to Cal. Civ. Code Section 1781 and Cal. Code Civ. Proc. Section

21  382, to challenge and remedy Defendants' unlawful and wrongful business practices.

22      7.  Plaintiffs seek relief for the following class of persons (the "Class"): All persons who are

23  residents of California that purchased or leased one or more vehicles warranted by FCA in the

24  State of California (which will be a Fiat, Jeep, Alfa Romeo, Dodge, RAM, Maserati, or Chrysler

25  vehicle), and who were denied warranty coverage in the last four years because the warranty

26  time period had not been extended for the days the vehicle was under repair or service at an FCA

27  authorized repair facility. The class period continues until such time as  notice is mailed to the

28  Class.

Complaint

8. The Class does not include the Court assigned to this matter and its staff, and all employees of Defendants and their affiliates.

9. The proposed Class is ascertainable as membership in the Class is defined by objective characteristics. Defendants maintain a centralized computer system where it keeps track of warranty repairs, such that if an individual visits a different FCA authorized repair facility that facility can review the entire vehicle repair history by VIN. Defendants are able to keep track of whether warranty coverage has been provided, when it starts and when it ends, as they receive warranty repair requests from these authorized dealerships. Defendants would thus also be able to keep track of how many days a vehicle was in an FCA authorized repair facility for warranty repairs and/or service. Defendants would also have records whether it denied warranty coverage based on the duration of the warranty having expired.

10. The proposed Class is so numerous that the individual joinder of all its members in one action is impracticable. While the exact number and the identities of Class members are not known at this time, the number of Class members is likely in the hundreds or thousands in light of the number of FCA vehicles sold statewide. Members of the Class are also identifiable, as Defendants would maintain records of such purchases and leases and when such vehicles were taken in for repairs at an FCA authorized repair facility.

11. Questions of law and fact of common and general interest to the Class exist and predominate over any questions affecting only individual members of the Class. These common questions include, among others, the following:

     a.    Whether the time period as to the duration of Defendants' Basic Limited Warranty and Powertrain Limited Warranty, does not include the time the vehicle is under repair or service;

     b.    Whether these vehicles are subject to warranty obligations and/or the requirements of the Song-Beverly Consumer Warranty Act, and the other laws referenced herein;

     c.    When Defendants knew, or should have known, they were failing to properly calculate warranty periods by not excluding the time such vehicles were in an authorized repair facility for repair or service;

d.    Whether Defendants' misrepresentations or omissions were of a fact or facts they were obligated to disclose and/or were material to consumers;

e.    Whether Defendants' actions were unlawful, unfair, or fraudulent under the Unfair Competition Law and in violation of the other state laws referenced herein;

f.    The amount of revenues and profits Defendants received or saved and/or the amount of monies or other obligations imposed on or lost by Class members as a result of such wrongdoing;

g.    Whether Plaintiffs and Class members are threatened with irreparable harm and/or are entitled to injunctive and other equitable relief, and, if so, what is the nature of such relief; and

h.    whether Plaintiffs and the Class members are entitled to statutory, actual or exemplary damages and/or equitable monetary relief from Defendants based on the causes of action asserted by them and, if so, what is the nature and appropriate measure of such relief.

12. Plaintiffs' claims are typical of the claims of the Class because Plaintiffs and all Class members were injured by the same wrongful conduct and scheme of the Defendants alleged herein.

13. Plaintiffs will fairly and adequately represent the interests of the Class.   Plaintiffs' interests are not antagonistic to or irreconcilably conflict with the interests of the members of the Class.   Plaintiffs are represented by attorneys who are competent and experienced in consumer class action litigation.

14. A class action is superior to other available group-wide methods for the fair and efficient adjudication of this controversy because the individual damage and harm suffered by each individual Class member may be relatively small compared to the expense and burden of prosecuting such an individual case. If individual Class members were required to bring separate actions, courts would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management

Complaint

difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court.

15. Defendants have acted on grounds generally applicable to the entire Class, thereby making final injunctive relief and/or declaratory relief appropriate with respect to the Class as a whole.

16. Notice of the pendency of and any resolution of this action can be provided to the Class members by individual mailed notice or the best notice practicable under the circumstances.

## SUPPORTING FACTS

17. On personal knowledge, on or about August 10, 2014 Plaintiffs purchased a 2014 Jeep Grand Cherokee, VIN 1C4RJFCM7EC487225, (hereinafter the "Vehicle") in California, which was manufactured, distributed, warranted, and/or sold by Defendant FCA. The Vehicle was purchased and/or used primarily for personal, family, or household purposes by Plaintiffs, or otherwise qualifies as a new motor vehicle under subdivision (e)(2) of Civil Code section 1793.22.

18. In connection with the purchase of the Vehicle, Defendants advertised and Plaintiffs received an express written warranty in terms of Defendants' Basic Limited Warranty (3 years/36,000 miles) and Powertrain Limited Warranty (5 years/100,000 miles), in which Defendants undertook to preserve or maintain the utility and performance of the Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time and/or was the express intended beneficiary of such written warranty. The warranty provided, in relevant part, that in the event a defect developed with the vehicle during the warranty period, Plaintiffs could deliver the Vehicle for repair services to Defendants' representative and the Vehicle would be repaired free of charge. All Class members receive the same written warranty regarding the calculation of the time duration of the various express warranties and/or are beneficiaries thereof.

19. FCA's warranty that accompanied the Vehicle and other Class members' vehicles for the duration of the class period uniformly states that the warranties begin at the in-service date, and end after a specified number of months or years:

6

E. When It Begins
The Basic Limited Warranty begins on either of the following dates, whichever is earlier:
• the date you take delivery of the vehicle; or
• the date when the vehicle was first put into service....
F. When It Ends
The Basic Limited Warranty lasts for 36 months from the date it begins or for 36,000 miles on the odometer, whichever occurs first.
....
C. How Long It Lasts
The Powertrain Limited Warranty lasts for up to 5 years or 100,000 miles on the odometer, whichever occurs first, calculated from the start date of the Basic Limited
Warranty, as set forth in Section 2.1(E).

20. The FCA warranty manual that accompanied the Vehicle and other Class members' vehicles for the duration of the class period also uniformly represents that state law gives consumers additional rights under its warranties: "The warranties contained in this booklet are the only express warranties that [FCA] makes for your vehicle. These warranties give you specific legal rights. You may also have other rights that vary from state to state."

21. California Civil Code 1795.6(a)(1) requires the warranty be extended for the number of days a vehicle is an authorized repair facility for repairs or service. California Civil Code 1795.6. (a) (1) states the "warranty period relating to an ...express warranty accompanying a sale... of consumer goods ... shall automatically be tolled for the period from the date upon which the buyer ... delivers nonconforming goods to the manufacturer or seller for warranty repairs or service... up to, and including, the date upon which (1) the repaired or serviced goods are delivered to the buyer, (2) the buyer is notified the goods are repaired or serviced and are available for the buyer's possession...."

22. As required by California law pursuant to Civil Code 1793.1., FCA and FCA's authorized repair facilities in California for the duration of the class period uniformly issue repair orders that on the forms used by Defendants or their authorized agents state: "The warranty period will be extended for the number of whole days that the product has been out of the buyer's hands for warranty repairs."

23. The Vehicle suffered a serious break down due to defects in material and/or workmanship in the powertrain and was delivered to an FCA authorized repair facility with less than 100,000 miles on the odometer in August 2019.

24. The Vehicle previously had been brought by Plaintiffs to an authorized FCA repair facility for several days of warranty repairs and prior to this in-service date, such that the Vehicle's powertrain warranty could not have been expired as of the date the Vehicle was last in for repairs and diagnosis in August 2019.

25. Nevertheless, and despite the Vehicle having been tendered to an authorized FCA repair facility during the powertrain warranty period for necessary diagnosis and repair, FCA refused to honor its powertrain warranty as required by California state law, claiming the powertrain warranty had expired due to the passage of time since the in-service date.

26. Plaintiffs were therefore forced to acquire a new, replacement vehicle to avoid a large repair bill of over $8,000.00, for what should have been covered as warrantable diagnosis and repairs. In addition, and in order to be able to afford the replacement vehicle, Plaintiffs were forced to sell another vehicle. Between the cost of the new vehicle they had to obtain as the Vehicle was no longer operable, and the sale of the other vehicle they did not intend to sell, Plaintiffs suffered damage and lost money or property as a result of Defendants' denial of repairs under warranty

27. On information and belief, FCA has no method of calculating the appropriate warranty tolling period, and its system does not do so – even though based on its central computer system that tracks warranty repairs, it would have information on the number of days a vehicle was with an authorized FCA facility for warranty repairs, traceable by VIN, and thus the number of days warranty coverage would be tolled and extended as required by California law. Thus, FAC systematically denies warranty coverage for vehicles when the warranty is still in effect by only considering the days from when the vehicles were purchased and not excluding the days the vehicles were at an authorized FCA facility for repairs.

Complaint

28. Had Plaintiffs known that FCA would not honor the full length of its warranties, and would ignore California law in doing so, facts that would be material to any reasonable person, Plaintiffs would not have purchased the Subject Vehicle at the price they did.

29. Prior to filing these class action claims, Plaintiffs made a request in writing dated December 7, 2019 that Defendants provide an appropriate correction, replacement or other remedy to all persons who purchased or leased the vehicles in question, and sent that demand to Defendants via certified mail, return receipt requested. Plaintiffs further provided Defendants with notice of the violations of the CLRA pursuant to California Civil Code § 1782(a). Defendants have failed in response thereto to offer an appropriate correction, replacement or cure to Plaintiff and all similarly situated and affected persons prior to the filing of this action, despite demand therefor.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### BREACH OF EXPRESS WARRANTY

### CAL.CIV.CODE §§ 1790, *et seq.*

30. Plaintiffs incorporate by reference the allegations contained in paragraphs 1-23, above.

31. Pursuant to the Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), Civil Code § 1790 *et seq.*, the Vehicle and Class member vehicles constitute "consumer goods" purchased primarily for family or household purposes, or otherwise qualify as new motor vehicles under subdivision (e)(2) of Civil Code section 1793.22.

32. Plaintiffs and class members are a "buyer" of consumer goods under the Song-Beverly Act.

33. Defendant FCA is a "manufacturer," "distributor" and/or "seller" under the Song-Beverly Act.

34. In accordance with Defendants' written warranty and within the warranty period, Plaintiff and members of the Class delivered their vehicles to Defendant FCA's representative to perform warranty repairs. However, Defendants and/or Defendants' representative refused to repair and/or diagnose the vehicles without charge and under warranty, breaching the terms of the

Complaint

1  written warranty on each occasion, in violation of Cal.Civ.Code § 1793.1, Cal.Civ.Code § 1794;
2  Cal.Civ.Code and 1795.6(a)(1).

3     35. Plaintiffs and the Class are entitled under the Song-Beverly Act to recover as part of the
4  judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees,
5  reasonably incurred in connection with the commencement and prosecution of this action.

6     36. Plaintiffs made written demand on behalf of themselves and all Class members for an
7  appropriate correction or other remedy for breach of written warranty prior to filing this action
8  on their behalf. However, Defendants have failed to offer to repair or replace the Vehicle or the
9  vehicles of other Class members, breaching the terms of the written warranty.

10     37. Plaintiffs and Class members have been damaged by Defendants' failure to comply with
11  their obligations under express warranty, and therefore brings this claim pursuant to Civil Code
12  §1794.

13  **SECOND CAUSE OF ACTION**

14  **VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT,**

15  **CAL.CIV.CODE §§ 1750, *et seq*. ("CLRA")**

16     38. Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs,
17  except any allegations as to entitlement to damages.

18     39. By misrepresenting and failing to disclose the material facts set forth above in terms of
19  the obligation to extend warranty periods due to the existence of tolled warranty periods,
20  warranty coverage duration, and their refusal of their legal obligations as set forth above,
21  Defendants violated, *inter alia*, Cal. Civ. Code §§ 1770(a) (2) (Misrepresenting the sponsorship,
22  approval, or certification of goods); (5) (Representing that goods have sponsorship, approval,
23  characteristics, ingredients, uses, or benefits that they do not have or that a person has a
24  sponsorship, approval, status, affiliation, or connection that they do not have); (7) (Representing
25  that goods are of a particular standard, quality, or grade, or that goods are of a particular style or
26  model, if they are of another); (9) (advertising goods or services with the intent not to sell or
27  lease them as advertised); (14) (Representing that a transaction confers or involves rights,
28  remedies, or obligations that it does not have or involve, or that are prohibited by law); and/or

Complaint

1 | (16) (Representing that the subject of a transaction has been supplied in accordance with a
2 | previous representation when it has not).

3 |    40. Defendants' actions, representations, omissions, and other conduct are subject to the
4 | CLRA, because they extend to transactions that have resulted or were intended to result in the
5 | sale and provision of goods or services to consumers.

6 |    41. Plaintiffs and the Class members are "consumers" within the meaning of Cal.Civ.Code §
7 | 1761(d).

8 |    42. Defendants' sale or lease of the vehicles, as well as the provision of warranty service and
9 | coverage for parts, diagnoses and repairs are "goods" or "services" within the meaning of
10 | Cal.Civ.Code § 1761(a) and (b).

11 |    43. Defendants are "persons" under Cal.Civ.Code § 1761(d).

12 |    44. FCA and FCA's authorized repair facilities in California uniformly represent on their
13 | form repair orders: "The warranty period will be extended for the number of whole days that the
14 | product has been out of the buyer's hands for warranty repairs."    However, Defendants
15 | uniformly fail and refuse to do so.  In addition, despite their duties and obligations under the law,
16 | Defendants have concealed and continued to conceal the material fact that their express warranty
17 | periods are by law to be tolled during repairs and service, but that they routinely deny coverage
18 | based on the representation such warranties have expired.  Defendants continue to fail to make
19 | full disclosure of the nature and extent of warranty coverage even though they had a duty to
20 | disclose these facts.

21 |     45. Plaintiffs and Class members reasonably acted in positive response to Defendants'
22 | statements as to the scope of their written warranty and reasonably believed Defendants would
23 | comply with California law relating to the duration of such warranties. Based on the amounts at
24 | stake if warranty coverage was denied, these facts are presumptively material. These
25 | misrepresented and omitted facts were and are also presumptively material to a reasonable
26 | consumer because of the impact of such facts on the value of the vehicle and the amounts
27 | expended for such vehicles.

28 |

Complaint

46. If Plaintiffs and the Class members had been fully informed of the true facts they would not have purchased or leased the vehicles in question or paid the prices they did, and/or they would not have paid for parts, repairs, and/or diagnoses that were rightly not to have been charged them, or otherwise engaged in transactions that were required as a result of Defendants' misrepresentations and omissions of material fact.

47. The material facts at issue that Defendants have concealed and suppressed were known and accessibleto Defendants, who had superior knowledge and access to the facts and how their internal warranty system actually operated. Defendants either knew or reasonably should have known such facts were not known to or reasonably discoverable by Class members or the general public.  In addition, having spoken on the issue of the duration of warranty coverage and that such coverage would be consistent with the requirements of California law, Defendants undertook an obligation to speak completely and truthfully on this issue and inform consumers of all material facts.  However as stated above Defendants did not do so.

48. Defendants thereby misrepresented or failed to disclose that warranty coverage by law goes beyond the time limits stated in the warranty manual. As set forth above, Defendants uniformly misrepresented, concealed and/or suppressed these material facts, in whole or in part, at the expense of Plaintiffs and Class members. .

49. As a result of the misrepresentation, concealment and/or suppression of these material facts, Plaintiffs and Class members did not receive the benefit of their bargain as required by California law regarding the goods and  services at issue.  Plaintiffs and Class members thereby suffered damage and have standing to assert a claim under the CLRA.

50. The CLRA provides that a Complaint for violation of the CLRA may assert claims for actual, consequential, statutory and/or punitive and exemplary damages should such violations not be remedied or promised to be remedied within thirty (30) days of receipt of written notification.  Once 30 days have elapsed without a cure of Defendants' violations of the CLRA for Plaintiffs and all others similarly situated, or an offer to do so within a reasonable period of time, Plaintiffs will assert a claim for all such damages under the CLRA Plaintiffs currently

Complaint

request only injunctive relief and restitution by way of this Cause of Action and do not seek any damages under this Cause of Action at this time.

51. Because of the acts of unfair competition or unfair or deceptive acts or practices detailed above, Defendants should be ordered to pay restitution and be enjoined from continuing to employ the unlawful methods, acts and practices alleged herein in order to prevent any future harm to Plaintiffs, the Class members, and/or the general public pursuant to Cal.Civ.Code § 1780(a)(2).

52. Defendants should also be ordered to pay Plaintiffs' fees and costs according to proof based on the provisions of the CLRA that require the payment of such fees and costs.

### THIRD CAUSE OF ACTION

### VIOLATION OF CAL. BUSINESS & PROFESSIONS CODE §17200 *et seq*.

53. Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs, except as to any allegations relating to entitlement to damages.

54. Defendants have engaged and continue to engage in acts and practices of unfair competition, as that term is defined in Business & Professions Code §17200. As used in this Complaint "unfair competition" means an unlawful, unfair or fraudulent business act or practice. This conduct is actionable pursuant to Business & Professions Code §§17200 and 17203.

55. In engaging in conduct that constitutes unfair competition, each Defendant has acquired or retained money or property to which Plaintiffs and Class members have a superior interest.

56. Defendants' policies and practices as detailed herein causes substantial injury to consumers with no countervailing legitimate benefit and is immoral, unethical, oppressive, unscrupulous, and unconscionable, and thereby constitutes "unfair" business acts or practices within the meaning of the UCL.

57. Defendants' policies and practices as detailed herein to not notify their customers about the duration of their warranties and whether they have in fact expired based on the tolling provisions of California law, and making material statements and/or material omissions of fact relating thereto as set forth in detail above, all of which is likely to mislead Plaintiffs, Class

Complaint

1 members and the public, constitutes "fraudulent" business acts or practices within the meaning of

2 the UCL.

3     58. Defendants' policies and practices as detailed herein are also "unlawful" business

4 practices in terms of violating, *inter alia*, the provisions of Cal.Civ.Code § 1770, *et seq.*

5 Cal.Civ.Code § 1793.1, Cal.Civ.Code § 1794;*and/or* Cal.Civ.Code 1795.6(a)(1), as set forth

6 above.

7     59. As a result of Defendants' unlawful, unfair or fraudulent business practices as alleged

8 herein, Plaintiffs suffered injury in fact and lost money or property in the form of moneys that

9 they expended for the Vehicle and/or for repairs and diagnosis, that he would not have paid had

10 either the true facts been timely disclosed to or their Vehicle been repaired under warranty.

11 Plaintiffs also suffered injury in fact and a loss of money or property in the form of the moneys

12 they were required to expend to acquire a replacement vehicle rather than pay over $8,000 for

13 such repairs, as well as the vehicle that they were forced  to sell to be able to afford the

14 replacement vehicle that they would otherwise have retained.  Meanwhile, Defendants have

15 illegally retained monies that should have been paid to cover such repairs, unjustly enriching

16 themselves thereby.

17     60. Pursuant to Business & Professions Code §§ 17203 and 17204, the Court may enjoin

18 such conduct on behalf of the Class and for the benefit of the general public, order the provision

19 of corrective notice, and order Defendants to restore to Plaintiffs and Class members any money

20 or property that Defendants may have acquired or retained as a result of any act or practice that

21 constitutes unfair competition.  The Court may also order Defendants to disgorge any profits

22 Defendants may have obtained either directly or indirectly from Plaintiffs and Class members as

23 a result of this conduct, including monies they were able to retain by uniformly denying their

24 obligations to pay for warranty repairs as required under California law.

25     61. Plaintiffs also seeks the payment of fees and costs pursuant to, *inter alia*, Cal. Code Civ.

26 Proc. Section 1021.5.

27

28

Complaint

## FOURTH CAUSE OF ACTION

### RESTITUTION, MONEY HAD AND RECEIVED, UNJUST ENRICHMENT AND/OR QUASI-CONTRACT AND ASSUMPSIT

62. Plaintiff incorporates by reference the above paragraphs except as to those for claims relating to breach of warranty, and pleads this claim as an alternative to any claims arising out of breach of contract. This claim is not derivative of the other Causes of Action asserted above, but rather under California is recognized as a separate and independent alternative Cause of Action that may be submitted to the jury.

63. Plaintiff and the Class members plead just grounds for recovering money for benefits Defendants received from them or failed to pay to them or for their benefit. Plaintiff claims through this Cause of Action that Defendants must restore to Plaintiff and Class members money that Defendants received or retained, but that really should belong to Plaintiff and the Class members as Defendants either knew or had reason to know that any monies paid for warranty coverage under these circumstances were not properly paid to Defendants or their authorized repair facilities.

64. Class members conferred a benefit upon Defendants by paying monies for the services at issue. Defendants, having been unjustly conferred a benefit by Class members through illegal conduct or acts of mistake or fraud as set forth above, and having received such benefits using misleading and illegal acts, practices and policies and omitting material facts as set forth in detail above, are required to make restitution. The circumstances here are such that, as between the two, it is unjust for Defendants to retain such a benefit based on the conduct described above. Such money or property belongs in good conscience to Plaintiff and Class members. Defendants have received a benefit from Plaintiff and Class members in the form of monies paid by them or obligations avoided by Defendants to pay for such coverage, and are unjustly retaining that benefit at the expense of Plaintiff and Class members. The unjustified charging and retention of such monies entitles Class members to restitution of such monies.

65. Defendants have been unjustly enriched by Class members through payments they had and received of monies they were able to retain or not pay, and the resulting profits enjoyed by

Complaint

1  Defendants, and Defendants' unjust enrichment is related to and flowed from the conduct

2  challenged in this Complaint. Under California law, one who acquires a benefit may not justly

3  retain such monies and thus must return such monies so as not to be unjustly enriched.

4    66. Defendants entered into a series of implied-at-law obligations that resulted in a sum

5  certain as stated above being had, received and/or unjustly retained by Defendants, either directly

6  or indirectly, at the expense of Class members.  Defendants had knowledge of such benefits.

7  Defendants owe Class members specific sums that can be calculated based on the records of

8  Defendants. Under established principles of quasi contract and assumpsit under California law,

9  Defendants have an obligation created by law to restore Plaintiff and Class members to their

10  former position by returning the monies they are not lawfully entitled to retain. This obligation is

11  imposed by law, regardless of the intent of the parties.  Rather, equity and good conscience

12  dictates that under the circumstances Defendants as the benefitted party should make

13  reimbursement of the monies paid by Plaintiff and Class members.  Such monies were received

14  or retained by Defendant and were not intended to be used for Plaintiff and Class members'

15  benefit, but rather for their own personal profit.

16    67. Under principles of restitution recognized under the law, an entity that has been unjustly

17  enriched at the expense of another by the retention of a benefit wrongfully obtained or retained at

18  another's expense is required to make restitution to the other. In addition, under common law

19  principles recognized in claims of common counts, assumpsit, unjust enrichment, restitution,

20  and/or quasi-contract, under the circumstances alleged herein it would be inequitable or unjust,

21  as between the parties, for Defendants to retain such benefits, and thus must pay  restitution or

22  restitutionary damages. Such principles require Defendants to pay over such benefits when the

23  retention of such benefits would unjustly enrich Defendants. Other remedies and claims may not

24  permit Class members to obtain such relief, otherwise leaving them without an adequate remedy

25  at law.

26    68. Pursuant to California Civil Code § 2224, one who gains or retains a thing (including

27  money) by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful

28  act, unless they have some other and better right thereto, is an involuntary trustee of the thing

Complaint

gained, for the benefit of the person who would otherwise have had it. Based on the facts and circumstances alleged above, in order to prevent unjust enrichment and to prevent Defendants from taking advantage of their own wrongdoing, Plaintiff and Class members are entitled to the establishment of a constructive trust, in a sum certain, of all monies that have been improperly retained by Defendants as well as the monies made by Defendants on such payments from which Plaintiff and Class members may seek restitution.

69. In addition, in light of Defendants' knowledge of the true facts as set forth above, Defendants' conduct warrants an assessment of exemplary damages under this independent cause of action, in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

70. Based on the allegations set forth above, Plaintiff and Class members may properly assert an independent Cause of Action for restitution and restitutionary damages at law through an action derived from the common-law writ of assumpsit, by implying an obligation at law based on principles of restitution and unjust enrichment, based on common counts such as monies had and received and/or through quasi-contract. Plaintiff, both individually and on behalf of the Class, thus seeks appropriate restitutionary monetary relief and exemplary damages as appropriate for sums certain as is permitted by law for such claims.

71. Plaintiff also requests an order for an accounting and for declaratory relief under C.C.P. Section 1060, including prohibiting Defendants from failing and refusing to immediately cease the wrongful conduct as set forth above and enjoining Defendants from continuing to make the misleading claims at issue herein.

## **PRAYER**

WHEREFORE, PLAINTIFFS PRAY for judgment against Defendants, jointly and severally, as follows:

1.    For Plaintiffs' and Class member's direct, consequential, incidental, statutory and/or exemplary damages as permitted for Defendants' violation of the statutes identified above damages, in an amount to be determined at trial, pursuant to the First and Fourth Causes of Action only;

Complaint

2.      For restitution and restitutionary disgorgement to Plaintiff and Class members, in an amount to be determined at trial;

3.      For costs of the suit and Plaintiffs' reasonable attorneys' fees, pursuant to, *inter alia,* Civil Code § 1782, Civil Code § 1794 and C.C.P. § 1021.5;

4.      For an injunction against such conduct for the benefit of the Class and/or for the benefit of the general public, and an order for the provision of corrective notice advising Class members of the actual duration of the FCA express warranties and the ability to obtain repairs and diagnosis at no cost based on the tolling of such warranties during the period their vehicles were at an authorized FCA facility for warranty and repair;

5.      For pre- and post-judgment interest at the legal rate; and.

6.      For such other relief as the Court may deem proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all causes of action so triable.

DATED:  January 3, 2020

THE HANSON LAW FIRM
Attorneys for Plaintiffs

John W. Hanson, Esq.
Elisa M. Swanson, Esq.
7752 Fay Avenue, Ste. F
La Jolla, CA 92037
Phone: (858) 451-0291/Fax: (858) 451-0281

Alan M. Mansfield
CONSUMER LAW GROUP OF
CALIFORNIA
16870 West Bernardo Dr., Ste. 400
San Diego, CA, 92127
Phone: (619) 308-5034/Fax: (888) 341-5048

Complaint

## AFFIDAVIT OF VENUE

I, John W. Hanson, declare as follows:

1.          I am one of the counsel for Plaintiffs in this action and make this declaration to the best of my knowledge, information and belief of the facts stated herein.

2.          At all relevant times herein, Defendant FCA US LLC (hereinafter referred to as "Defendant") was and is entity that either has a principal place of business based in California, is registered to do business in the State of California, and/or is doing business in the State of California and this County.

3.          The Plaintiffs identified in the Complaint are customers of Defendant who reside in this County.

4.          Some of the transactions that form the basis of this action and where at least a portion of Defendants' obligations or liabilities arose, including those of Plaintiffs, occurred in this County.

5.          The Complaint filed in this matter contains a cause of action for violation of the Cal. Civ. Code §§ 1750, *et seq.*, as against Defendant.

6.          Per the foregoing assertions, the CLRA cause of action in this Complaint has been properly commenced in the proper county for trial under the venue provisions of the CLRA and Code of Civil Procedure § 395.5.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  This declaration was signed this 3rd day of January 2020 at San Diego, California.



John W. Hanson

Complaint

CI-127

# Alternative Dispute Resolution

(INFORMATION PACKET)

OPTIONS FOR RESOLVING YOUR DISPUTE

## There Are Alternatives to Going to Trial

Did you know that 95 percent of all civil cases filed in court are resolved without going to trial? Many people use processes other than trial to resolve their disputes. These alternative processes, known as Alternative Dispute Resolution or ADR, are typically less formal and adversarial than trial, and many use a problem-solving approach to help the parties reach an agreement.

## Advantages of ADR

Here are some potential advantages of using ADR:

Save Time: A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

- Save Money: When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, and expert's fees.

- Increase Control over the Process and the Outcome: In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

- Preserve Relationships: ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

- Increase Satisfaction: In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

- Improve Attorney-Client Relationships: Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

Because of these potential advantages, it is worth considering using ADR early in a lawsuit or even before you file a lawsuit.

## What Are the ADR Options?

The most commonly used ADR processes are mediation, arbitration, neutral evaluation, and settlement conferences.

## Mediation

In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties. The Monterey County Superior Court offers a Court-Directed Mediation Program.

Form Approved for Mandatory Use
CI-127 Rev. September, 2013

ALTERNATIVE DISPUTE RESOLUTION
INFORMATION PACKET
(Civil)

Monterey County Superior Court
Page 1 of 2

**Cases for Which Mediation May Be Appropriate:** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use.

Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate:** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

## Arbitration

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed.

Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision in binding arbitration. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision. The Monterey County Superior Court offers a nonbinding judicial arbitration program.

**Cases for Which Arbitration May Be Appropriate:** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate:** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

## Neutral Evaluation

In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is nonbinding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate:** Neutral evaluation may be most appropriate in cases in which there are technical issues that require expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate:** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

## Settlement Conference

Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

Form Approved for Mandatory Use
CI-127 Rev. September, 2013

**ALTERNATIVE DISPUTE RESOLUTION
INFORMATION PACKET**
(Civil)

Monterey County Superior Court
Page 2 of 2

| SUPERIOR COURT OF MONTEREY COUNTY | |
|---|---|
| **Monterey Branch**, 1200 Aguajito Road, Monterey, CA 93940 | |
| Stephen Tremper, et al.<br>**vs.**<br>**FCA US LLC** | **CASE NUMBER**<br>**20CV000047** |
| | **Case Management Conference** |

## NOTICE OF ASSIGNMENT AND CASE MANAGEMENT CONFERENCE

**Your case designated COMPLEX or CLASS ACTION is assigned for all purposes to Honorable Lydia M. Villarreal Dept. 13**

This notice and Alternative Dispute Resolution (ADR) information packet (CI-127)* <u>must</u> be served together with the Summons and Complaint pursuant to California Rule of Court 3.221. *Parties are required to follow the case management rules as outlined in California Rule of Court 3.722 and Chapter 6 of the Local Rules of Court found on the court website at* <u>www.montereycourt.ca.gov</u> . **A joint case management statement shall be filed prior to the conference as outlined in California Rule of Court 3.725.**

---

### Date: <u>May 05, 2020</u>  Time:<u>8:30 AM</u>

### Location: <u>1200 Aguajito Road, Monterey, CA 93940</u>

---

*The ADR information packet (CI-127) can be found at FORMS on the court's website at www.monterey.courts.ca.gov.

Pursuant to statutes of the State of California, it is the responsibility of the court to establish procedures for the timely and effective disposition of civil cases.

The court is charged with the responsibility of ensuring all parties a fair and timely resolution of their disputes, and the court is in the best position to establish neutral rules and policies without adversely affecting all parties' right to a fair trial. Effective management of the judicial system will build continuing respect by the community of government, minimize the costs to the parties and the public, and maximize the probability that cases will be timely resolved.

The goals of the Monterey County civil case and trial management system are:
1. To provide an effective and fair procedure for the timely disposition of civil cases;
2. To provide a mechanism to gather needed case information in order to make appropriate judicial management decisions; and
3. To establish reasonable rules and policies to require that cases reporting "ready" for trial may be tried without unnecessary delays or interruptions.

*Court proceedings are in English. If you or a witness in your case needs an interpreter, please complete Judicial Council form INT—300.* **You must file INT-300 at the first floor clerks counter (or by e-file) 15\* business days prior to your hearing.**

*Los procedimientos judiciales son en inglés. Si usted o un testigo en su caso necesita un intérprete, complete el formulario INT-300 del Consejo Judicial.* **Debe presentar el INT-300 con los empleados legales de la oficina del primer piso (o mediante archivo electrónico) 15\* días hábiles antes de su audiencia.**

 **CT Corporation**

**Service of Process Transmittal**
01/28/2020
CT Log Number 537080456

TO: Melissa Gravlin
FCA US LLC
1000 Chrysler Dr Ofc of
Auburn Hills, MI 48326-2766

RE: **Process Served in California**

FOR: FCA US LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Stephen Tremper and Heather Tremper, Natural Persons, on behalf of themselves and all others similarly situated and for the benefit of the general public, Pltfs. vs. FCA US LLC, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Proof(s), Declaration(s), First Amended Complaint, Affidavit(s) |
| **COURT/AGENCY:** | Monterey County - Superior Court - Monterey, CA<br>Case # 20CV000047 |
| **NATURE OF ACTION:** | Product Liability Litigation - Lemon Law - Class Action - First Amended Complaint - 2014 Jeep Grand Cherokee, VIN: 1C4RJFCM7EC487225 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 01/28/2020 postmarked on 01/23/2020 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | John W Hanson<br>The Hanson Law Firm<br>7752 Fay Avenue<br>Ste. F<br>La Jolla, CA 92037<br>858-451-0291 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/30/2020, Expected Purge Date: 02/04/2020<br><br>Image SOP<br><br>Email Notification,  Lance Arnott  SOPVerification@wolterskluwer.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1999 Bryan St Ste 900<br>Dallas, TX 75201-3140 |
| **For Questions:** | 877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

Page 1 of  2 / MD

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process Transmittal**
01/28/2020
CT Log Number 537080456

**TO:**      Melissa Gravlin
             FCA US LLC
             1000 Chrysler Dr Ofc of
             Auburn Hills, MI 48326-2766

**RE:**      **Process Served in California**

**FOR:**     FCA US LLC  (Domestic State: DE)

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| Summons, Sheet(s), Instructions, Complaint, Affidavit(s), Attachment(s), Notice(s) | By Process Server on 01/06/2020 | Melissa Gravlin FCA US LLC | 536929165 |

Page 2 of  2 / MD

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Bernardo Dr.

O

, CA 92127



U.S. POSTAGE PAID
FCM LG ENV
INDIO, CA
92201
JAN 23, 20
AMOUNT
**$1.60**
R2305P151671-06

1000        96617

FCA US LLC
c/o CT Corporation System
818 West Seventh Street
Suite 930
Los Angeles, CA 90017

1   THE HANSON LAW FIRM
    John W. Hanson, SBN: 214771
2   Elisa M. Swanson, SBN: 215361
    7752 Fay Avenue, Ste. F
3   La Jolla, CA 92037
    Phone: (858) 451-0291 / Fax: (858) 451-0281
4   john@thesandiegolemonlawyer.com

5   Alan M. Mansfield, SBN: 125998
    CONSUMER LAW GROUP OF CALIFORNIA
6   16870 West Bernardo Dr., Ste. 400
    San Diego, CA, 92127
7   Phone: (619) 308-5034 / Fax: (888) 341-5048
    alan@clgca.com
8
    Attorneys for Plaintiffs
9

10              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

11                        COUNTY OF MONTEREY

12                        CIVIL COMPLEX DIVISION

13

14   STEPHEN TREMPER  and HEATHER          Case No. 20CV000047
     TREMPER, Natural Persons, on behalf of
15   themselves and all others similarly situated   **PROOF OF SERVICE**
     and for the benefit of the general public,     **OF FIRST AMENDED COMPLAINT**
16
                                                     **CLASS ACTION**
17              Plaintiff,

18   v.

19   FCA US LLC, a Limited Liability Company,
     and DOES 1 through 20, inclusive,
20

21              Defendants.

22

23

24

25

26

27

28
                                        1
     Proof of Service of First Amended Complaint

## DECLARATION OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Diego, State of California. My Business address is 16870 W. Bernardo Dr., Suite 400, San Diego, CA 92127.

On January 23, 2020 I served the following documents:

**FIRST AMENDED COMPLAINT**

[ ] By personally delivering copies to the person served at the following address:

[ ] Via the Court's electronic notification system to the addressees listed below;

[ ] Via Electronic Mail (**as noted**). I caused the foregoing documents to be sent to the addressees named below via their email addresses as set forth.

[ ] By Overnight Mail (**as noted**). By placing a **GSO** Envelope addressed to the named party on the service list attached hereto and depositing envelope in the GSO box.

[X] Via U.S. Mail. By placing a copy in a separate envelope, with postage fully prepaid, for each addressee named below and depositing each for collection and mailing pursuant to the ordinary business practice of this office, which mail is deposited with the U.S. Postal Service on the same day at San Diego, California.

### <u>SERVICE LIST</u>

FCA US LLC
c/o CT Corporation System
818 West Seventh Street, Suite 930
Los Angeles, CA 90017

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 23, 2020, at Bermuda Dunes, California.

Angie Fitzpatrick

2

Proof of Service of First Amended Complaint

1  THE HANSON LAW FIRM
   John W. Hanson, SBN: 214771
2  Elisa M. Swanson, SBN: 215361
   7752 Fay Avenue, Ste. F
3  La Jolla, CA 92037
   Phone: (858) 451-0291 / Fax: (858) 451-0281
4  john@thesandiegolemonlawyer.com

5  Alan M. Mansfield, SBN: 125998
   CONSUMER LAW GROUP OF CALIFORNIA
6  16870 West Bernardo Dr., Ste. 400
   San Diego, CA, 92127
7  Phone: (619) 308-5034 / Fax: (888) 341-5048
   alan@clgca.com
8
   Attorneys for Plaintiffs
9

10              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

11                        COUNTY OF MONTEREY

12                       CIVIL COMPLEX DIVISION

13

14  STEPHEN TREMPER  and HEATHER          Case No. 20CV000047
    TREMPER, Natural Persons, on behalf of
15  themselves and all others similarly situated   **FIRST AMENDED COMPLAINT**
16  and for the benefit of the general public,     **CLASS ACTION**

17                  Plaintiff,
                                                 DEMAND FOR JURY TRIAL ON ALL
18  v.                                           CAUSES OF ACTION SO TRIABLE

19  FCA US LLC, a Limited Liability Company,
20  and DOES 1 through 20, inclusive,

21                  Defendants.

22

23        Plaintiffs, on behalf of themselves and all others similarly situated, upon personal

24  knowledge as to their own acts and status as specifically identified herein, and otherwise upon

25  information and belief based upon investigation as to the remaining allegations, hereby allege as

26  follows against Defendant FCA US LLC, and DOES 1 through 20:

27

28
                                           1
    First Amended Complaint

1

**PARTIES**

2    1.    As used in this Complaint, the word "Plaintiffs" shall mean Plaintiff Stephen and

3  Heather Tremper, natural persons who reside in the State of California.

4    2.    As used in this Complaint, the word "Defendants" when used without reference to

5  a specific named Defendant, shall mean Defendants FCA US LLC ("FCA") and DOES 1 to 20.

6  FCA is a limited liability company that is active and in good standing according to the records of

7  the California Secretary of State.  Plaintiffs are ignorant of the true names and capacities of the

8  Defendants sued under the fictitious names DOES 1 to 20. They are sued pursuant to Code of

9  Civil Procedure section 474. When Plaintiffs become aware of the true names and capacities of

10  the Defendants sued as DOES 1 to 20, Plaintiffs will amend this Complaint to state their true

11  names and capacities. At all times mentioned herein, each defendant, whether actually or

12  fictitiously named as DOES 1-20 in this Complaint, was the principal, agent or employee of each

13  other defendant, and in acting as such principal, or within the course and scope of such

14  employment or agency, took some part in the acts and omissions hereinafter set forth, by reason

15  of which each defendant is liable to Plaintiffs and the proposed class and/or the general public

16  for the relief prayed for herein. At all times relevant herein, each defendant ratified the unlawful

17  conduct of the other defendants, their agents and employees, by failing to repudiate the

18  misconduct and by accepting the benefits of the transactions in question with knowledge of the

19  wrongdoing and thereby aided, abetted, and/or ratified the violations of law alleged throughout

20  this Complaint. Defendants DOES 1-20 are persons who are in a position of responsibility,

21  which allows them to influence business policies or the activities of the entity Defendants in this

22  action.  There is a nexus between their position in the entity and the violation alleged here such

23  that they could have influenced the actions that constituted the violations.  Their actions or

24  inactions facilitated the violations alleged herein.

25

**JURISDICTION AND VENUE**

26    3.    This Court has jurisdiction over this action under Article VI, section 10 of the

27  California Constitution and Code of Civil Procedure section 410.10. Jurisdiction is also proper

28  under Business & Professions Code section 17203, as such claims can be brought in any court of

2

First Amended Complaint

1   competent jurisdiction. Jurisdiction over Defendants is proper because they are either

2   corporations or associations organized and existing or with their principal or one of their primary

3   places of business located in the State of California and/or have purposely availed themselves of

4   the privilege of conducting business activities in California because they currently maintain

5   systematic and continuous business contacts with this State, are licensed to do business in this

6   State and/or based on the allegations of conspiratorial conduct and aiding and abetting as set

7   forth in this Complaint.

8        4.     Venue is proper in this County because Defendants conduct business in the State

9   of California and in this County. Defendants' commercial activities in the State of California

10  and this County include, but are not limited to, the marketing, sale and provision of goods and

11  services in this County and undertaking transactions in this County. Venue is also proper in this

12  Court because many Class members did business with Defendants and engaged in transactions in

13  this County, and Defendants have received substantial profits from customers who engaged in

14  transactions in this County. Venue is proper in this County pursuant to Code of Civil Procedure

15  § 395.5 because the warranties at issue were and are to be performed at any FCA authorized

16  repair facility, including those located in this County.

17       5.     Plaintiffs' Declaration of Venue as required under California Civil Code §

18  1780(d), which avers that a substantial part of the events or omissions giving rise to the claims

19  alleged herein took place in this County, is attached hereto and filed herewith.

20                              **CLASS ACTION ALLEGATIONS**

21       6.     Plaintiffs bring this action on behalf of themselves and on behalf of a class of

22  similarly-situated consumers, pursuant to Cal. Civ. Code Section 1781 and Cal. Code Civ. Proc.

23  Section 382, to challenge and remedy Defendants' unlawful and wrongful business practices.

24       7.     Plaintiffs seek relief for the following class of persons (the "Class"): All persons

25  who are residents of California that purchased or leased one or more vehicles warranted by FCA

26  in the State of California (which will be a Fiat, Jeep, Alfa Romeo, Dodge, RAM, Maserati, or

27  Chrysler vehicle), and who were denied warranty coverage in the last four years because the

28  warranty time period had not been extended for the days the vehicle was under repair or service

3

First Amended Complaint

1  at an FCA authorized repair facility. The class period continues until such time as notice is
2  mailed to the Class.

3      8.    The Class does not include the Court assigned to this matter and its staff, and all
4  employees of Defendants and their affiliates.

5      9.    The proposed Class is ascertainable as membership in the Class is defined by
6  objective characteristics. Defendants maintain a centralized computer system where it keeps
7  track of warranty repairs, such that if an individual visits a different FCA authorized repair
8  facility that facility can review the entire vehicle repair history by VIN. Defendants are able to
9  keep track of whether warranty coverage has been provided, when it starts and when it ends, as
10 they receive warranty repair requests from these authorized dealerships. Defendants would thus
11 also be able to keep track of how many days a vehicle was in an FCA authorized repair facility
12 for warranty repairs and/or service. Defendants would also have records whether it denied
13 warranty coverage based on the duration of the warranty having expired.

14     10.    The proposed Class is so numerous that the individual joinder of all its members
15 in one action is impracticable. While the exact number and the identities of Class members are
16 not known at this time, the number of Class members is likely in the hundreds or thousands in
17 light of the number of FCA vehicles sold statewide. Members of the Class are also identifiable,
18 as Defendants would maintain records of such purchases and leases and when such vehicles were
19 taken in for repairs at an FCA authorized repair facility.

20     11.    Questions of law and fact of common and general interest to the Class exist and
21 predominate over any questions affecting only individual members of the Class. These common
22 questions include, among others, the following:

23         a.    Whether the time period as to the duration of Defendants' Basic Limited
24 Warranty and Powertrain Limited Warranty, does not include the time the vehicle is under repair
25 or service;

26         b.    Whether these vehicles are subject to warranty obligations and/or the
27 requirements of the Song-Beverly Consumer Warranty Act, and the other laws referenced herein;

28

4

First Amended Complaint

1          c.        When Defendants knew, or should have known, they were failing to

2  properly calculate warranty periods by not excluding the time such vehicles were in an

3  authorized repair facility for repair or service;

4          d.        Whether Defendants' misrepresentations or omissions were of a fact or

5  facts they were obligated to disclose and/or were material to consumers;

6          e.        Whether Defendants' actions were unlawful, unfair, or fraudulent under

7  the Unfair Competition Law and in violation of the other state laws referenced herein;

8          f.        The amount of revenues and profits Defendants received or saved and/or

9  the amount of monies or other obligations imposed on or lost by Class members as a result of

10  such wrongdoing;

11          g.        Whether Plaintiffs and Class members are threatened with irreparable

12  harm and/or are entitled to injunctive and other equitable relief, and, if so, what is the nature of

13  such relief; and

14          h.        Whether Plaintiffs and the Class members are entitled to statutory, actual

15  or exemplary damages and/or equitable monetary relief from Defendants based on the causes of

16  action asserted by them and, if so, what is the nature and appropriate measure of such relief.

17      12.    Plaintiffs' claims are typical of the claims of the Class because Plaintiffs and all

18  Class members were injured by the same wrongful conduct and scheme of the Defendants

19  alleged herein.

20      13.    Plaintiffs will fairly and adequately represent the interests of the Class. Plaintiffs'

21  interests are not antagonistic to or irreconcilably conflict with the interests of the members of the

22  Class. Plaintiffs are represented by attorneys who are competent and experienced in consumer

23  class action litigation.

24      14.    A class action is superior to other available group-wide methods for the fair and

25  efficient adjudication of this controversy because the individual damage and harm suffered by

26  each individual Class member may be relatively small compared to the expense and burden of

27  prosecuting such an individual case. If individual Class members were required to bring separate

28  actions, courts would be confronted with a multiplicity of lawsuits burdening the court system

5

1  while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to
2  proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and
3  expense to all parties and the court system, this class action presents far fewer management
4  difficulties while providing unitary adjudication, economies of scale and comprehensive
5  supervision by a single court.

6      15.     Defendants have acted on grounds generally applicable to the entire Class,
7  thereby making final injunctive relief and/or declaratory relief appropriate with respect to the
8  Class as a whole.

9      16.     Notice of the pendency of and any resolution of this action can be provided to the
10 Class members by individual mailed notice or the best notice practicable under the
11 circumstances.

12                          **SUPPORTING FACTS**

13     17.     On personal knowledge, on or about August 10, 2014 Plaintiffs purchased a 2014
14 Jeep Grand Cherokee, VIN 1C4RJFCM7EC487225, (hereinafter the "Vehicle") in California,
15 which was manufactured, distributed, warranted, and/or sold by Defendant FCA. The Vehicle
16 was purchased and/or used primarily for personal, family, or household purposes by Plaintiffs, or
17 otherwise qualifies as a new motor vehicle under subdivision (e)(2) of Civil Code section
18 1793.22.

19     18.     In connection with the purchase of the Vehicle, Defendants advertised and
20 Plaintiffs received an express written warranty in terms of Defendants' Basic Limited Warranty
21 (3 years/36,000 miles) and Powertrain Limited Warranty (5 years/100,000 miles), in which
22 Defendants undertook to preserve or maintain the utility and performance of the Vehicle or to
23 provide compensation if there is a failure in utility or performance for a specified period of time
24 and/or was the express intended beneficiary of such written warranty. The warranty provided, in
25 relevant part, that in the event a defect developed with the vehicle during the warranty period,
26 Plaintiffs could deliver the Vehicle for repair services to Defendants' representative and the
27 Vehicle would be repaired free of charge. All Class members receive the same written warranty

28

                                    6

1 regarding the calculation of the time duration of the various express warranties and/or are

2 beneficiaries thereof.

3     19.    FCA's warranty that accompanied the Vehicle and other Class members' vehicles

4 for the duration of the class period uniformly states that the warranties begin at the in-service

5 date, and end after a specified number of months or years:

6     E. When It Begins
    The Basic Limited Warranty begins on either of the following dates, whichever is
    earlier:

7     • the date you take delivery of the vehicle; or
    • the date when the vehicle was first put into service....

8     F. When It Ends
    The Basic Limited Warranty lasts for 36 months from the date it begins or for

9     36,000 miles on the odometer, whichever occurs first.

10     ....
    C. How Long It Lasts
    The Powertrain Limited Warranty lasts for up to 5 years or 100,000 miles on the

11     odometer, whichever occurs first, calculated from the start date of the Basic
    Limited

12     Warranty, as set forth in Section 2.1(E).

13     20.    The FCA warranty manual that accompanied the Vehicle and other Class

14 members' vehicles for the duration of the class period also uniformly represents that state law

15 gives consumers additional rights under its warranties: "The warranties contained in this booklet

16 are the only express warranties that [FCA] makes for your vehicle. These warranties give you

17 specific legal rights. You may also have other rights that vary from state to state."

18     21.    California Civil Code 1795.6(a)(1) requires the warranty be extended for the

19 number of days a vehicle is an authorized repair facility for repairs or service. California Civil

20 Code 1795.6. (a) (1) states the "warranty period relating to an ...express warranty accompanying

21 a sale... of consumer goods ... shall automatically be tolled for the period from the date upon

22 which the buyer ... delivers nonconforming goods to the manufacturer or seller for warranty

23 repairs or service... up to, and including, the date upon which (1) the repaired or serviced goods

24 are delivered to the buyer, (2) the buyer is notified the goods are repaired or serviced and are

25 available for the buyer's possession...."

26     22.    As required by California law pursuant to Civil Code 1793.1., FCA and FCA's

27 authorized repair facilities in California for the duration of the class period uniformly issue repair

28 orders that on the forms used by Defendants or their authorized agents state: "The warranty

7

1 | period will be extended for the number of whole days that the product has been out of the
2 | buyer's hands for warranty repairs."

3 |     23.    The Vehicle suffered a serious break down due to defects in material and/or
4 | workmanship in the powertrain and was delivered to an FCA authorized repair facility with less
5 | than 100,000 miles on the odometer in August 2019.

6 |     24.    The Vehicle previously had been brought by Plaintiffs to an authorized FCA
7 | repair facility for several days of warranty repairs and prior to this in-service date, such that the
8 | Vehicle's powertrain warranty could not have been expired as of the date the Vehicle was last in
9 | for repairs and diagnosis in August 2019.

10 |     25.    Nevertheless, and despite the Vehicle having been tendered to an authorized FCA
11 | repair facility during the powertrain warranty period for necessary diagnosis and repair, FCA
12 | refused to honor its powertrain warranty as required by California state law, claiming the
13 | powertrain warranty had expired due to the passage of time since the in-service date.

14 |     26.    Plaintiffs were therefore forced to acquire a new, replacement vehicle to avoid a
15 | large repair bill of over $8,000.00, for what should have been covered as warrantable diagnosis
16 | and repairs. In addition, and in order to be able to afford the replacement vehicle, Plaintiffs were
17 | forced to sell another vehicle. Between the cost of the new vehicle they had to obtain as the
18 | Vehicle was no longer operable, and the sale of the other vehicle they did not intend to sell,
19 | Plaintiffs suffered damage and lost money or property as a result of Defendants' denial of repairs
20 | under warranty.

21 |     27.    FCA has no method of calculating the appropriate warranty tolling period, and its
22 | system does not do so – even though based on its central computer system that tracks warranty
23 | repairs, it would have information on the number of days a vehicle was with an authorized FCA
24 | facility for warranty repairs, traceable by VIN, and thus the number of days warranty coverage
25 | would be tolled and extended as required by California law and contrary to the uniform
26 | statements made by FCA's authorized repair facilities. Thus, FAC systematically denies
27 | warranty coverage for vehicles when the warranty is still in effect by only considering the days

28 |

8

First Amended Complaint

1  from when the vehicles were purchased and not excluding the days the vehicles were at an
2  authorized FCA facility for repairs.

3    28.    Had Plaintiffs known that FCA would not honor the full length of its warranties,
4  and would ignore California law in doing so, facts that would be material to any reasonable
5  person, Plaintiffs would not have purchased the Vehicle at the price they did.

6    29.    Prior to filing these class action claims, Plaintiffs made a request in writing dated
7  December 7, 2019 that Defendants provide an appropriate correction, replacement or other
8  remedy to all persons who purchased or leased the vehicles in question, and sent that demand to
9  Defendants via certified mail, return receipt requested. Plaintiffs further provided Defendants
10  with notice of the violations of the CLRA pursuant to California Civil Code § 1782(a).
11  Defendants have failed in response thereto to offer an appropriate correction, replacement or cure
12  to Plaintiff and all similarly situated and affected persons prior to the filing of this action, despite
13  demand therefor.

14                                 **CAUSES OF ACTION**

15                               **FIRST CAUSE OF ACTION**

16                            **BREACH OF EXPRESS WARRANTY**

17                            **CAL.CIV.CODE §§ 1790,** *et seq.*

18    30.    Plaintiffs incorporate by reference the allegations contained in the paragraphs set
19  forth above.

20    31.    Pursuant to the Song-Beverly Consumer Warranty Act ("Song-Beverly Act"),
21  Civil Code § 1790 et seq., the Vehicle and Class member vehicles constitute "consumer goods"
22  purchased primarily for family or household purposes, or otherwise qualify as new motor
23  vehicles under subdivision (e)(2) of Civil Code section 1793.22.

24    32.    Plaintiffs and class members are a "buyer" of consumer goods under the Song-
25  Beverly Act.

26    33.    Defendant FCA is a "manufacturer," "distributor" and/or "seller" under the Song-
27  Beverly Act.

28

                                        9

First Amended Complaint

1      34.    In accordance with Defendants' written warranty and within the warranty period,

2 Plaintiff and members of the Class delivered their vehicles to Defendant FCA's representative to

3 perform warranty repairs. However, Defendants and/or Defendants' representative refused to

4 repair and/or diagnose the vehicles without charge and under warranty, breaching the terms of

5 the written warranty on each occasion, in violation of Cal.Civ.Code § 1793.1, Cal.Civ.Code §

6 1794, and Cal.Civ.Code § 1795.6(a)(1).

7      35.    Plaintiffs and the Class are entitled under the Song-Beverly Act to recover as part

8 of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's

9 fees, reasonably incurred in connection with the commencement and prosecution of this action.

10     36.    Plaintiffs made written demand on behalf of themselves and all Class members

11 for an appropriate correction or other remedy for breach of written warranty prior to filing this

12 action on their behalf. However, Defendants have failed to offer to repair or replace the Vehicle

13 or the vehicles of other Class members, breaching the terms of the written warranty.

14     37.    Plaintiffs and Class members have been damaged by Defendants' failure to

15 comply with their obligations under express warranty, and therefore brings this claim pursuant to

16 Civil Code §1794.

17
## SECOND CAUSE OF ACTION

18
### VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT,

19
### CAL.CIV.CODE §§ 1750, *et seq.* ("CLRA")

20     38.    Plaintiffs incorporate by reference the allegations contained in the preceding

21 paragraphs.

22     39.    By misrepresenting and failing to disclose the material facts set forth above in

23 terms of the obligation to extend warranty periods due to the existence of tolled warranty

24 periods, warranty coverage duration, the material representations made by Defendants and their

25 authorized repair facilities as set forth above and their refusal of their legal obligations as set

26 forth above, Defendants violated, inter alia, Cal. Civ. Code §§ 1770(a) (2) (Misrepresenting the

27 sponsorship, approval, or certification of goods); (5) (Representing that goods have sponsorship,

28 approval, characteristics, ingredients, uses, or benefits that they do not have or that a person has a

10

First Amended Complaint

1  sponsorship, approval, status, affiliation, or connection that they do not have); (7) (Representing
2  that goods are of a particular standard, quality, or grade, or that goods are of a particular style or
3  model, if they are of another); (9) (advertising goods or services with the intent not to sell or
4  lease them as advertised); (14) (Representing that a transaction confers or involves rights,
5  remedies, or obligations that it does not have or involve, or that are prohibited by law); and/or
6  (16) (Representing that the subject of a transaction has been supplied in accordance with a
7  previous representation when it has not).

8      40.    Defendants' actions, representations, omissions, and other conduct are subject to
9  the CLRA, because they extend to transactions that have resulted or were intended to result in
10  the sale and provision of goods or services to consumers.

11     41.    Plaintiffs and the Class members are "consumers" within the meaning of
12  Cal.Civ.Code § 1761(d).

13     42.    Defendants' sale or lease of the vehicles, as well as the provision of warranty
14  service and coverage for parts, diagnoses and repairs are "goods" or "services" within the
15  meaning of Cal.Civ.Code § 1761(a) and (b).

16     43.    Defendants are "persons" under Cal.Civ.Code § 1761(d).

17     44.    FCA and FCA's authorized repair facilities in California uniformly represent on
18  their form repair orders: "The warranty period will be extended for the number of whole days
19  that the product has been out of the buyer's hands for warranty repairs."  However, Defendants
20  uniformly fail and refuse to do so.  In addition, despite their duties and obligations under the law,
21  Defendants have concealed and continued to conceal the material fact that their express warranty
22  periods are by law to be tolled during repairs and service, but that they routinely deny coverage
23  based on the representation such warranties have expired.  Defendants continue to fail to make
24  full disclosure of the nature and extent of warranty coverage even though they had a duty to
25  disclose these facts.

26     45.    Plaintiffs and Class members reasonably acted in positive response to Defendants'
27  statements as to the scope of their written warranty and reasonably believed Defendants would
28  comply with California law relating to the duration of such warranties. Based on the amounts at

11

1   stake if warranty coverage was denied, these facts are presumptively material. These
2   misrepresented and omitted facts were and are also presumptively material to a reasonable
3   consumer because of the impact of such facts on the value of the vehicle and the amounts
4   expended for such vehicles.

5       46.     If Plaintiffs and the Class members had been fully informed of the true facts they
6   would not have purchased or leased the vehicles in question or paid the prices they did, and/or
7   they would not have paid for parts, repairs, and/or diagnoses that were rightly not to have been
8   charged them, or otherwise engaged in transactions that were required as a result of Defendants'
9   misrepresentations and omissions of material fact.

10      47.     The material facts at issue that Defendants have concealed and suppressed were
11  known and accessible to Defendants, who had superior knowledge and access to the facts and
12  how their internal warranty system actually operated. Defendants either knew or reasonably
13  should have known such facts were not known to or reasonably discoverable by Class members
14  or the general public. In addition, having spoken on the issue of the duration of warranty
15  coverage and that such coverage would be consistent with the requirements of California law,
16  Defendants undertook an obligation to speak completely and truthfully on this issue and inform
17  consumers of all material facts. However as stated above Defendants did not do so.

18      48.     Defendants thereby misrepresented or failed to disclose that warranty coverage by
19  law goes beyond the time limits stated in the warranty manual. As set forth above, Defendants
20  uniformly misrepresented, concealed and/or suppressed these material facts, in whole or in part,
21  at the expense of Plaintiffs and Class members.

22      49.     As a result of the misrepresentation, concealment and/or suppression of these
23  material facts, Plaintiffs and Class members did not receive the benefit of their bargain as
24  required by California law regarding the goods and services at issue. Plaintiffs and Class
25  members thereby suffered damage and have standing to assert a claim under the CLRA.

26      50.     Plaintiffs have provided Defendants with notice of the violations of the CLRA
27  pursuant to California Civil Code §1782(a) and served such notice by regular mail return receipt
28  requested. The CLRA provides that a Complaint for violation of the CLRA may assert claims for

12

First Amended Complaint

1   actual, consequential, statutory and/or punitive and exemplary damages should such violations

2   not be remedied or promised to be remedied within thirty (30) days of receipt of written

3   notification. The notice was received on December 10, 2019, and no response providing the

4   relief required under the CLRA has been offered by Defendants. As more than 30 days have

5   elapsed since the notice was mailed and received without a cure of Defendants' violations for

6   Plaintiffs and all others similarly situated, and Defendants have refused to provide such a cure or

7   any offer to do so within a reasonable period of time, Plaintiff asserts a claim for damages under

8   the CLRA for violation of Civil Code §§1770(a)(2), (5), (7), (14), and/or (16) on behalf of

9   himself and all Class members. In addition, in light of Defendants' knowledge of the true facts as

10   set forth above, Defendants' conduct further warrants an assessment of exemplary

11   damages under this cause of action, in an amount sufficient to deter such conduct in

12   the future, which amount is to be determined according to proof.

13   52. In addition, because of the acts of unfair competition or unfair or deceptive acts or

14   practices detailed above, Defendants should be ordered to pay restitution and be enjoined from

15   continuing to employ the unlawful methods, acts and practices alleged herein in order to prevent

16   any future harm to Plaintiffs, the Class members, and/or the general public pursuant to

17   Cal.Civ.Code § 1780(a)(2).

18   53. Defendants should also be ordered to pay Plaintiffs' fees and costs according to

19   proof based on the provisions of the CLRA that require the payment of such fees and costs.

20   **THIRD CAUSE OF ACTION**

21   **VIOLATION OF CAL. BUSINESS & PROFESSIONS CODE §17200 *et seq*.**

22   54. Plaintiffs incorporate by reference the allegations contained in the preceding

23   paragraphs, except as to any allegations relating to entitlement to damages.

24   55. Defendants have engaged and continue to engage in acts and practices of unfair

25   competition, as that term is defined in Business & Professions Code §17200. As used in this

26   Complaint "unfair competition" means an unlawful, unfair or fraudulent business act or practice.

27   This conduct is actionable pursuant to Business & Professions Code §§17200 and 17203.

28

13

First Amended Complaint

56.     In engaging in conduct that constitutes unfair competition, each Defendant has acquired or retained money or property to which Plaintiffs and Class members have a superior interest.

57.     Defendants' policies and practices as detailed herein causes substantial injury to consumers with no countervailing legitimate benefit and is immoral, unethical, oppressive, unscrupulous, and unconscionable, and thereby constitutes "unfair" business acts or practices within the meaning of the UCL.

58.     Defendants' policies and practices as detailed herein to not notify their customers about the duration of their warranties and whether they have in fact expired based on the tolling provisions of California law, and making material statements and/or material omissions of fact relating thereto as set forth in detail above, all of which is likely to mislead Plaintiffs, Class members and the public, constitutes "fraudulent" business acts or practices within the meaning of the UCL.

59.     Defendants' policies and practices as detailed herein are also "unlawful" business practices in terms of violating, inter alia, the provisions of Cal.Civ.Code § 1770, et seq. Cal.Civ.Code § 1793.1, Cal.Civ.Code § 1794 and/or Cal.Civ.Code 1795.6(a)(1), as set forth above.

60.     As a result of Defendants' unlawful, unfair or fraudulent business practices as alleged herein, Plaintiffs suffered injury in fact and lost money or property in the form of moneys that they expended for the Vehicle and/or for repairs and diagnosis, that he would not have paid had either the true facts been timely disclosed to or their Vehicle been repaired under warranty. Plaintiffs also suffered injury in fact and a loss of money or property in the form of the moneys they were required to expend to acquire a replacement vehicle rather than pay over $8,000 for such repairs, as well as the vehicle that they were forced  to sell to be able to afford the replacement vehicle that they would otherwise have retained.  Meanwhile, Defendants have illegally retained monies that should have been paid to cover such repairs, unjustly enriching themselves thereby.

14

First Amended Complaint

1    61.    Pursuant to Business & Professions Code §§ 17203 and 17204, the Court may
2 enjoin such conduct on behalf of the Class and for the benefit of the general public, order the
3 provision of corrective notice, and order Defendants to restore to Plaintiffs and Class members
4 any money or property that Defendants may have acquired or retained as a result of any act or
5 practice that constitutes unfair competition.  The Court may also order Defendants to disgorge
6 any profits Defendants may have obtained either directly or indirectly from Plaintiffs and Class
7 members as a result of this conduct, including monies they were able to retain by uniformly
8 denying their obligations to pay for warranty repairs as required under California law.

9    62.    Plaintiffs also seeks the payment of fees and costs pursuant to, *inter alia*, Cal.
10 Code Civ. Proc. Section 1021.5.

11                            **FOURTH CAUSE OF ACTION**

12    **RESTITUTION, MONEY HAD AND RECEIVED, UNJUST ENRICHMENT AND/OR**
                        **QUASI-CONTRACT AND ASSUMPSIT**
13

14    63.    Plaintiff incorporates by reference the above paragraphs except as to those for
15 claims relating to breach of warranty, and pleads this claim as an alternative to any claims arising
16 out of breach of contract.  This claim is not derivative of the other Causes of Action asserted
17 above, but rather under California is recognized as a separate and independent alternative Cause
18 of Action that may be submitted to the jury.

19    64.    Plaintiff and the Class members plead just grounds for recovering money for
20 benefits Defendants received from them or failed to pay to them or for their benefit. Plaintiff
21 claims through this Cause of Action that Defendants must restore to Plaintiff and Class members
22 money that Defendants received or retained, but that really should belong to Plaintiff and the
23 Class members as Defendants either knew or had reason to know that any monies paid for
24 warranty coverage under these circumstances were not properly paid to Defendants or their
25 authorized repair facilities.

26    65.    Class members conferred a benefit upon Defendants by paying monies for the
27 services at issue. Defendants, having been unjustly conferred a benefit by Class members
28 through illegal conduct or acts of mistake or fraud as set forth above, and having received such

15

1   benefits using misleading and illegal acts, practices and policies and omitting material facts as
2   set forth in detail above, are required to make restitution. The circumstances here are such that,
3   as between the two, it is unjust for Defendants to retain such a benefit based on the conduct
4   described above.  Such money or property belongs in good conscience to Plaintiff and Class
5   members. Defendants have received a benefit from Plaintiff and Class members in the form of
6   monies paid by them or obligations avoided by Defendants to pay for such coverage, and are
7   unjustly retaining that benefit at the expense of Plaintiff and Class members.  The unjustified
8   charging and retention of such monies entitles Class members to restitution of such monies.

9        66.     Defendants have been unjustly enriched by Class members through payments they
10   had and received of monies they were able to retain or not pay, and the resulting profits enjoyed
11   by Defendants, and Defendants' unjust enrichment is related to and flowed from the conduct
12   challenged in this Complaint. Under California law, one who acquires a benefit may not justly
13   retain such monies and thus must return such monies so as not to be unjustly enriched.

14        67.     Defendants entered into a series of implied-at-law obligations that resulted in a
15   sum certain as stated above being had, received and/or unjustly retained by Defendants, either
16   directly or indirectly, at the expense of Class members.  Defendants had knowledge of such
17   benefits. Defendants owe Class members specific sums that can be calculated based on the
18   records of Defendants. Under established principles of quasi contract and assumpsit under
19   California law, Defendants have an obligation created by law to restore Plaintiff and Class
20   members to their former position by returning the monies they are not lawfully entitled to retain.
21   This obligation is imposed by law, regardless of the intent of the parties.  Rather, equity and
22   good conscience dictates that under the circumstances Defendants as the benefitted party should
23   make reimbursement of the monies paid by Plaintiff and Class members.  Such monies were
24   received or retained by Defendant and were not intended to be used for Plaintiff and Class
25   members' benefit, but rather for their own personal profit.

26        68.     Under principles of restitution recognized under the law, an entity that has been
27   unjustly enriched at the expense of another by the retention of a benefit wrongfully obtained or
28   retained at another's expense is required to make restitution to the other. In addition, under

16

First Amended Complaint

1  common law principles recognized in claims of common counts, assumpsit, unjust enrichment,
2  restitution, and/or quasi-contract, under the circumstances alleged herein it would be inequitable
3  or unjust, as between the parties, for Defendants to retain such benefits, and thus Defendants
4  must pay  restitution or restitutionary damages. Such principles require Defendants to pay over
5  such benefits when the retention of such benefits would unjustly enrich Defendants. Other
6  remedies and claims may not permit Class members to obtain such relief, otherwise leaving them
7  without an adequate remedy at law.

8        69.     Pursuant to California Civil Code § 2224, one who gains or retains a thing
9  (including money) by fraud, accident, mistake, undue influence, the violation of a trust, or other
10  wrongful act, unless they have some other and better right thereto, is an involuntary trustee of the
11  thing gained, for the benefit of the person who would otherwise have had it. Based on the facts
12  and circumstances alleged above, in order to prevent unjust enrichment and to prevent
13  Defendants from taking advantage of their own wrongdoing, Plaintiff and Class members are
14  entitled to the establishment of a constructive trust, in a sum certain, of all monies that have been
15  improperly retained by Defendants as well as the monies made by Defendants on such payments
16  from which Plaintiff and Class members may seek restitution.

17        70.     In addition, in light of Defendants' knowledge of the true facts as set forth above,
18  Defendants' conduct warrants an assessment of exemplary damages under this independent
19  cause of action, in an amount sufficient to deter such conduct in the future, which amount is to be
20  determined according to proof.

21        71.     Based on the allegations set forth above, Plaintiff and Class members may
22  properly assert an independent Cause of Action for restitution and restitutionary damages at law
23  through an action derived from the common-law writ of assumpsit, by implying an obligation at
24  law based on principles of restitution and unjust enrichment, based on common counts such as
25  monies had and received and/or through quasi-contract. Plaintiff, both individually and on behalf
26  of the Class, thus seeks appropriate restitutionary monetary relief and exemplary damages as
27  appropriate for sums certain as is permitted by law for such claims.

28

17

First Amended Complaint

1    72.    Plaintiff also requests an order for an accounting and for declaratory relief under

2 C.C.P. Section 1060, including prohibiting Defendants from failing and refusing to immediately

3 cease the wrongful conduct as set forth above and enjoining Defendants from continuing to make

4 the misleading claims at issue herein.

5                                    **PRAYER**

6        WHEREFORE, PLAINTIFFS PRAY for judgment against Defendants, jointly and

7 severally, as follows:

8    1.    For Plaintiffs' and Class member's direct, consequential, incidental, statutory

9 and/or exemplary damages as permitted for Defendants' violation of the statutes identified above

10 in an amount to be determined at trial, pursuant to the First, Second and Fourth Causes of Action

11 only;

12    2.    For restitution and restitutionary disgorgement to Plaintiff and Class members, in

13 an amount to be determined at trial;

14    3.    For costs of the suit and Plaintiffs' reasonable attorneys' fees, pursuant to, *inter*

15 *alia,* Civil Code § 1782, Civil Code § 1794 and C.C.P. § 1021.5;

16    4.    For an injunction against such conduct for the benefit of the Class and/or for the

17 benefit of the general public, and an order for the provision of corrective notice advising Class

18 members of the actual duration of the FCA express warranties and the ability to obtain repairs

19 and diagnosis at no cost based on the tolling of such warranties during the period their vehicles

20 were at an authorized FCA facility for warranty and repair;

21    5.    For pre- and post-judgment interest at the legal rate; and.

22    6.    For such other relief as the Court may deem proper.

23                                **JURY DEMAND**

24        Plaintiffs demand a trial by jury on all causes of action so triable.

25

26 DATED: January 14, 2020                     THE HANSON LAW FIRM
                                              Attorneys for Plaintiff
27
28
                                              John W. Hanson, Esq.
                                18

First Amended Complaint

Elisa M. Swanson, Esq.
7752 Fay Avenue, Ste. F
La Jolla, CA 92037
Phone: (858) 451-0291/Fax: (858) 451-0281

Alan M. Mansfield
CONSUMER LAW GROUP OF
CALIFORNIA
16870 West Bernardo Dr., Ste. 400
San Diego, CA, 92127
Phone: (619) 308-5034/Fax: (888) 341-5048

19

First Amended Complaint

## AFFIDAVIT OF VENUE

I, John W. Hanson, declare as follows:

1.      I am one of the counsel for Plaintiffs in this action and make this declaration to the best of my knowledge, information and belief of the facts stated herein.

2.      At all relevant times herein, Defendant FCA US LLC (hereinafter referred to as "Defendant") was and is entity that either has a principal place of business based in California, is registered to do business in the State of California, and/or is doing business in the State of California and this County.

3.      The Plaintiffs identified in the Complaint are customers of Defendant who reside in this County.

4.      Some of the transactions that form the basis of this action and where at least a portion of Defendants' obligations or liabilities arose, including those of Plaintiffs, occurred in this County.

5.      The Complaint filed in this matter contains a cause of action for violation of the Cal. Civ. Code §§ 1750, *et seq.*, as against Defendant.

6.      Per the foregoing assertions, the CLRA cause of action in this Complaint has been properly commenced in the proper county for trial under the venue provisions of the CLRA and Code of Civil Procedure § 395.5.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. This declaration was signed this __14th__ day of January 2020 at San Diego, California.



John W. Hanson

First Amended Complaint

**DECLARATION OF SERVICE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Diego, State of California. My Business address is 16870 W. Bernardo Dr., Suite 400, San Diego, CA 92127.

On January 15, 2020 I served the following documents:

**FIRST AMENDED COMPLAINT**

[ ]By personally delivering copies to the person served at the following address:

[ ]Via the Court's electronic notification system to the addressees listed below;

[ ]Via Electronic Mail (**as noted**). I caused the foregoing documents to be sent to the addressees named below via their email addresses as set forth.

[ ]By Overnight Mail (**as noted**). By placing a **GSO** Envelope addressed to the named party on the service list attached hereto and depositing envelope in the GSO box.

[X]Via U.S. Mail. By placing a copy in a separate envelope, with postage fully prepaid, for each addressee named below and depositing each for collection and mailing pursuant to the ordinary business practice of this office, which mail is deposited with the U.S. Postal Service on the same day at San Diego, California.

**SERVICE LIST**

FCA US LLC
c/o CT Corporation System
818 West Seventh Street, Suite 930
Los Angeles, CA 90017

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 15, 2020, at San Diego, California.

Angie Fitzpatrick

20

First Amended Complaint